UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSE FELIX SARMIENTO, ET AL.                                          CIVIL ACTION

VERSUS

COASTAL INDUSTRIES, LLC,
ET AL.                                                                NO.: 16-00638-BAJ-EWD

RULING AND ORDER

Before the Court is the parties' **Joint Motion to Approve Confidential Settlement Agreement and for Dismissal With Prejudice (Doc. 10)**. This case involves allegations that Jose Felix Sarmiento, Jose Luis Sarmiento, and Leonidas Mejia (collectively "Plaintiffs") performed work in excess of forty hours per week for Coastal Industries, LLC, Coastal Bridge Company, LLC and Kelly Sills (collectively "Defendants") but were not adequately compensated in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("the FLSA"). (Doc. 1 at p. 4). The instant lawsuit was filed on September 27, 2016, and the parties filed the motion for approval of their settlement agreement and dismissal this action on November 15, 2016. The parties submitted their confidential settlement agreement for *in camera* review and approval.

Because this case arises under the the FLSA, the Court must scrutinize the settlement for fairness before issuing its approval. *Domingue v. Sun Elec. & Instrumentation, Inc.*, 2010 WL 1688793, at *1 (M.D. La. April 26, 2010). This is because "the provisions of the FLSA are mandatory, and not subject to negotiation and bargaining between employers and employees." *Id.* Before approving an FLSA

1

settlement agreement, a court must determine whether (1) the settlement involves the resolution of a bona fide dispute over an FLSA provision and (2) the settlement is fair and reasonable. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 – 1355 (11th Cir. 1982); *Jarrad v. S. Shipbldg. Corp.*, 163 F.2d 960, 960 (5th Cir. 1947).

After reviewing the record, the Court finds that the instant action presents a bona fide dispute over the FLSA's provisions. The FLSA provides that "no employer shall employ any of his employees…for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(2)(C). Additionally, "[f]or a bona fide dispute to exist, there must be some claim on behalf of the employee that she is entitled to overtime payment." *Hohnke v. U.S.*, 69 Fed.Cl. 170, 175 (Fed. Cl. 2005). Plaintiffs' complaint alleges that during their employment as construction workers for Defendants, they were paid on a straight hourly basis. (Doc. 1 at p. 1). However, the complaint continues that Plaintiffs never received the overtime pay to which they were entitled, thus implicating Defendants' obligations under the FLSA. (*Id.*). Considering Plaintiffs' claims that they were entitled to overtime pay, did not receive overtime pay, and the subsequent filing of the instant lawsuit, the Court recognizes the existence of a genuine dispute between the parties as to whether Defendants complied with the FLSA.

The Court also holds that the settlement presented is fair and reasonable. "The primary focus of the Court's inquiry in determining whether to approve the

settlement of a FLSA collective action is not, as it would be for a Rule 23 class action, on due process concerns, *see Woods v. New York Life Ins. Co.*, 686 F.2d 578, 579 – 80 (7th Cir. 1982) but rather on ensuring that an employer does not take advantage of its employees in settling their claim for wages." *See Lynn's Food Stores*, 679 F.2d at 1354; *Hitchcock v. Orange County, Fla.*, 2006 WL 3614925, *4 (M.D. Fla. 12/11/2006); *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 719 (E.D. La. 7/29/2008). Furthermore, there is a "strong presumption in favor of finding a settlement." *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1997).

This settlement appears to be a negotiated compromise by opposing parties that are represented by counsel and initiated by way of an adversarial proceeding, which is an indication of its fairness. *Domingue*, 2010 WL 1688793, at *1. Additionally, all parties have represented to the Court that the proposed settlement was reached after thorough, exhaustive negotiations by the parties, and that the parties, upon advice of counsel, consider the ultimate agreement to be fair in light of each other's contentions. (Doc. 10-1 at p. 3). Having conducted an independent review of the proposed settlement agreement, the Court finds that the negotiated terms and figures are fair and reasonable and in compliance with the mandates of the FLSA.

Considering the foregoing,

**IT IS ORDERED** that the Court **ACCEPTS** the parties' Joint Settlement Agreement and Release.

**IT IS FURTHER ORDERED** that the **Joint Motion to Approve Confidential Settlement Agreement and for Dismissal With Prejudice** (Doc.

10) filed by the parties is hereby **GRANTED**. All of Plaintiffs' claims in this matter are **DISMISSED WITH PREJUDICE**, subject to the right of any party to reopen the case for purposes of enforcing the provisions of the settlement reached by the parties.

Baton Rouge, Louisiana, this 19th day of January, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**